**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

| | | |
|---|---|---|
| AXIS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-CV-181-JHM |
| | ) | |
| THE CROMWELL GROUP, INC., HANCOCK | ) | |
| COMMUNICATIONS, INC., BRIAN | ) | Electronically Filed |
| JACKSON, and BRACK STACY, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, AXIS Insurance Company ("AXIS"), by counsel, and for its Complaint for Declaratory Judgment, states as follows:

**NATURE OF THE ACTION**

1.     This is an insurance coverage dispute.  AXIS seeks a declaration that it has no duty to defend or indemnify Defendants The Cromwell Group, Inc. ("Cromwell Group"), Hancock Communications, Inc. ("Hancock"), and/or Brian Jackson under insurance policies issued to The Cromwell Group, Inc. of Illinois by AXIS in connection with a claim made by Defendant Brack Stacy, a former employee of Cromwell Group and Hancock.

2.     In his demand letter, Mr. Stacy alleges that Cromwell Group and Hancock wrongfully terminated his employment and that Mr. Jackson made defamatory statements about Mr. Stacy during a radio broadcast while "on-air".  Mr. Stacy claims he has suffered damages in the form of irreparable harm to his reputation and lost income.

3.     Under the policies, AXIS is only obligated to pay **Damages** on behalf of the **Insureds**.[1]  Cromwell Group, Hancock and Mr. Jackson do not qualify as **Insureds** under the

---

[1]     Terms in bold are defined in the policies issued by AXIS.

policies.   As such, AXIS does not owe any duty to defend or indemnify Cromwell Group, Hancock, and/or Mr. Jackson for the Mr. Stacy's claim.

4.      The policies also only provide coverage for **Damages** which are the result of an **Occurrence** in connection with **Scheduled Media** or **Incidental Publishing**.  Mr. Stacy's claim is in connection with the radio station WCJZ, which is not **Scheduled Media** or **Incidental Publishing** under the policies.

5.      Even if Mr. Stacy's claim was against **Insureds** and was in connection with **Scheduled Media** or **Incidental Publishing**, the AXIS policies contain an employment practices exclusion which bar coverage for any **Claim** made by "any present, former or prospective employee based on, resulting from or arising directly or indirectly out of the employment relationship or the nature, terms or conditions of employment, including, but not limited to discrimination, harassment, wrongful discharge, breach of contract, employment-related defamation or workplace or employment torts."  Mr. Stacy is a former employee and his claim is based upon, results from, and arises out of his alleged wrongful discharge and employment-related defamation.  Therefore, AXIS has no duty to defend or indemnify Cromwell Group, Hancock or Mr. Jackson in connection with Mr. Stacy's claim because the employment practices exclusion bars coverage.

6.      Other terms and conditions may also bar or limit coverage to the extent otherwise available under the AXIS policies.

## THE PARTIES

7.      AXIS is an insurance company incorporated under the laws of the State of Illinois, with its principal place of business located in the State of Georgia.

2

8.     Cromwell Group is a company incorporated under the law of the State of Tennessee, with its principal place of business located in Nashville, Tennessee.

9.     Hancock is a company incorporated under the law of the State of Kentucky, with its principal place of business located in Nashville, Tennessee.

10.     Mr. Jackson is a citizen of Indiana residing in Newburgh, Indiana.

11.     Mr. Stacy is a citizen of California.  Mr. Stacy previously worked for Cromwell Group and/or Hancock in Owensboro, Kentucky and asserted claims relating to his former employment, for which Cromwell Group and Hancock seek insurance coverage from AXIS.  Mr. Stacy is named as a Defendant herein only to the extent he is required to be named as a necessary or indispensable party.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202, as AXIS seeks a declaration of the parties' rights and obligations under a policy issued by AXIS.   Jurisdiction is also conferred by 28 U.S.C. § 1332(a), as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), in that Hancock is a resident within this District, and a substantial part of the events or omissions giving rise to this action occurred within this District.

## THE AXIS POLICIES

14.     AXIS issued two National Association of Broadcasters (NAB) Multimedia Liability Policies: Policy No. MCN000113171701 for the period of May 1, 2017 to May 1, 2018

302905696v1 1015033

and Policy No. MCN000113171801 for the period of May 1, 2018 to May 1, 2019 (collectively,

the "AXIS Policies").[2]

15.    The AXIS Policies each contain a $1 million **Each Loss** limit subject to a $10,000

**Each Loss** Self-Insured Retention, which is inclusive of **Claim Expense**.  A true and correct

copy of the AXIS Policies are attached hereto as Exhibits A and B.

16.    The insuring agreement, as set forth in Section I. Coverage Agreements of the

AXIS Policies, states as follows:

**I.     COVERAGE AGREEMENTS**

**A.     Media Liability – Payment for Damages**

The Company will pay on behalf of the **Insured** all **Damages** in excess of the Self-Insured Retention and within the applicable Policy Limit as a result of an **Occurrence** in connection with **Scheduled Media** or **Incidental Publishing** during the Policy Period that gives rise to a **Claim**, regardless of when a **Claim** is made or suit is brought, including but not limited to **Claims** for or arising out of:

1.    any form of defamation or other tort related to disparagement or harm to the character, reputation or feelings of any person or organization, including libel, slander, product disparagement, trade libel, infliction of emotional distress, outrage, outrageous conduct or prima facie tort;

\*        \*        \*

**B.     Payment of Claim Expense in Addition to Policy Limits**

The Company will pay in addition to the Policy Limits all **Claim Expense** incurred in the defense and settlement of a covered **Claim** that is in excess of the Self-Insured Retention,…

(Exs. A and B, NB-002 (11-10) at pp. 1-2, Section I.A.1 and I.B.).

---

[2]    The Policies also include Crisis Management and Computer System Extortion Coverage which is not relevant here. To the extent any Defendant disagrees, AXIS will amend the complaint to include that coverage part.

4

302905696v1 1015033

17.     The AXIS Policies define **Insured** in Section II.L. as the **Named Insured**, any

**Subsidiary** and:

    4.  the **Named Insured's** or **Subsidiary's** partners, officers, directors, trustees, and full-time, part-time, seasonal, leased, or temporary employees, and volunteers, but only with respect to their activities within the scope of their duties in such capacity for the **Named Insured** or **Subsidiary**;

    5.  the **Named Insured's** or **Subsidiary's** former partners, officers, directors, trustees, and employees, but only with respect to their activities within the scope of their duties as the **Named Insured's** or **Subsidiary's** partner, officer, director or employee;

(Exs. A and B, NB-002 (11-10) at p. 3, Section II.L.).

18.     The Cromwell Group, Inc. of Illinois ("Cromwell Illinois") is the **Named Insured**

identified in Item 1. of the Declarations to the Policies.  (Exs. A and B, NB-002 (11-10) at p. 4,

Section II.O. and NB-O2-IL (04-11) at p.1, Item 1).

19.     The AXIS Policies define **Subsidiary** to mean "any entity more than fifty percent

(50%) owned and controlled by a **Named Insured**." (Exs. A and B, NB-002 (11-10) at p. 4,

Section II.T.).

20.     Under the Axis Policies, **Scheduled Media** means "the publications, broadcasts,

communications or other **Matter** specified in Item 6. of the Declarations or by endorsement and

related **Advertising**" and **Incidental Publishing** means "any program or entertainment guide or

other publication that is related to **Matter** transmitted over television or radio stations or cable

televisions systems which are listed as **Scheduled Media**."

21.     The AXIS Policies contain an employment related exclusion in Section IV.B.1.

which bars coverage for any **Claim** made by "any present, former or prospective employee based

on, resulting from or arising directly or indirectly out of the employment relationship or the

nature, terms or conditions of employment, including, but not limited to discrimination,

302905696v1 1015033

harassment, wrongful discharge, breach of contract, employment-related defamation or workplace or employment torts." (the "Employment Practices Exclusion") (Exs. A and B, NB-002 (11-10) at p. 7, Section IV.B.1.).

## THE UNDERLYING CLAIM

22.     On June 28, 2018, Mr. Stacy, via counsel, sent a demand letter to Hancock and the Cromwell Group ("Demand Letter").

23.     Mr. Stacy's Demand Letter alleges that, on March 15, 2018, he was wrongfully terminated by Hancock and/or the Cromwell Group, and that on May 4, 2018, during a segment on WCJZ radio station, Mr. Jackson, one of the Cromwell Group's on-air radio personalities, aired defamatory statements about Mr. Stacy.  A true and correct copy of the Demand Letter is attached hereto as Exhibit C, under seal.

24.     The allegedly defamatory statements made by Mr. Jackson were based on Mr. Stacy's employment relationship with Hancock and/or the Cromwell Group.

25.     The allegedly defamatory statements made by Mr. Jackson resulted from Mr. Stacy's employment relationship with Hancock and/or the Cromwell Group.

26.     The allegedly defamatory statements made by Mr. Jackson arose directly out of Mr. Stacy's employment relationship with Hancock and/or the Cromwell Group.

27.     Mr. Stacy claimed he suffered irreparable harm to his reputation and lost income, and demanded $100,000 to settle his claims.

28.     Mr. Stacy asserted that if the parties did not resolve the matter by settlement, he would file a lawsuit against Cromwell Group, Hancock and Mr. Jackson.[3]

---

[3] Mr. Stacy also asserted he would include WCJZ, the radio station, in any such suit.  WCJZ does not appear to be a separate legal entity.  If WCJZ is a separate legal entity, AXIS will amend this complaint accordingly.

302905696v1 1015033

## **THE COVERAGE DISPUTE**

29.     AXIS was provided notice of Mr. Stacy's Demand Letter.

30.     AXIS denies it owes any duty to defend or indemnify Cromwell Group, Hancock and/or Mr. Jackson for the claims and allegations raised in the Demand Letter.

31.     An actual, present, and bona fide controversy exists between AXIS and Cromwell Group, Hancock and/or Mr. Jackson with respect to whether AXIS has a duty to defend or indemnify Cromwell Group, Hancock and/or Mr. Jackson in connection with the claims and allegations raised in the Demand Letter.

32.     A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policies with respect to the claims and allegations raised in the Demand Letter.

## **COUNT I - DECLARATORY JUDGMENT**

### **(Not Insureds)**

33.     AXIS repeats and incorporates by reference herein the allegations of Paragraphs 1 through 32 of this Complaint.

34.     Section I of the Policies only provides coverage for **Claims** made against an **Insured**.

35.     Section II.L. of the AXIS Policies defines **Insured**, in part, to mean the **Named Insured**, any **Subsidiary** and the **Named Insured's** or **Subsidiary's** partners, officers, directors, trustees, and full-time, part-time, seasonal, leased, or temporary employees, and volunteers, or former partners, officers, directors, trustees, and employees – but only with respect to their activities within the scope of their duties in such capacities.

36.     Cromwell Illinois is the **Named Insured** in the AXIS Policies.

37.     Cromwell Illinois is not part of the allegations or claims in Mr. Stacy's Demand Letter.

302905696v1 1015033

38. Mr. Stacy's allegations and claims raised in the Demand Letter seek damages from Cromwell Group, Hancock, and Mr. Jackson.

39. Cromwell Group is not the **Named Insured** or a **Subsidiary**.

40. Cromwell Group therefore does not qualify as an **Insured.**

41. Hancock is not the **Named Insured** or a **Subsidiary**.

42. Hancock therefore does not qualify as an **Insured.**

43. Mr. Jackson is not a current or former partner, officer, director, trustee, employee, or volunteer of the **Named Insured** or a **Subsidiary**.

44. Mr. Jackson therefore does not qualify as an **Insured.**

45. Accordingly, AXIS has no duty to defend or indemnify Cromwell Group, Hancock, or Brian Jackson because they do not qualify as **Insureds.**

46. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties is necessary and appropriate under the circumstances, in addition to such further necessary or proper relief the Court deems appropriate.

WHEREFORE, the Plaintiff, AXIS Insurance Company, requests that this Court enter a judgment:

(A) Declaring that AXIS Insurance Company is not required to defend or indemnify Cromwell Group, Hancock, or Mr. Jackson in connection with the claims and allegations in the Demand Letter; and

(B) Awarding AXIS all attorneys' fees, costs, expenses and any other relief as this Court deems just and proper.

302905696v1 1015033

## COUNT II - DECLARATORY JUDGMENT

### (No Scheduled Media or Incidental Publishing)

47.     AXIS repeats and incorporates by reference herein the allegations of Paragraphs 1 through 46 of this Complaint.

48.     Pursuant to Section I.A. of the Policies, AXIS only has to pay **Damages** as a result of an **Occurrence** in connection with **Scheduled Media** or **Incidental Publishing.**

49.     The claims and allegations raised in Mr. Stacy's Demand Letter relate to incidents in connection with WCJZ.

50.     WCJZ is not a **Scheduled Media** or **Incidental Publishing** identified in Item 6. of the Declarations or any endorsement.

51.     Accordingly, and to the extent Cromwell Group, Hancock, and/or Mr. Jackson are **Insureds** (which AXIS does not concede), AXIS has no duty to defend or indemnify them for the claims and allegations in the Demand Letter as those claims and allegations do not concern **Scheduled Media** or **Incidental Publishing.**

52.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties is necessary and appropriate under the circumstances, in addition to such further necessary or proper relief the Court deems appropriate.

WHEREFORE, the Plaintiff, AXIS Insurance Company, requests that this Court enter a judgment:

(A)     Declaring that AXIS Insurance Company is not required to defend or indemnify Cromwell Group, Hancock, or Mr. Jackson in connection with the claims and allegations in the Demand Letter; and

(B)     Awarding AXIS all attorneys' fees, costs, expenses and any other relief as this Court deems just and proper.

302905696v1 1015033

## COUNT III – DECLARATORY JUDGMENT

### (Employment Practices Exclusion)

53.     AXIS repeats and incorporates by reference herein the allegations of Paragraphs 1 through 52 of this Complaint.

54.     The Employment Practices Exclusion in the AXIS Policies bars coverage for any **Claim** made by a former employee and "based upon, resulting from or arising directly or indirectly out of the employment relationship or the nature, terms or conditions of employment, including, but not limited to… wrongful discharge… employment-related defamation…" (Exs. A and B, NB-002 (11-10) at p. 7, Section IV.B.1.).

55.     Mr. Stacy is a former employee of Cromwell Group and/or Hancock and his wrongful discharge and defamation claims raised in the Demand Letter are based upon, result from, and arise out of that employment relationship.

56.     To the extent Cromwell Group, Hancock, or Mr. Jackson are **Insureds** under the Policies (which AXIS does not concede), the Employment Practices Exclusion applies and AXIS has no duty to defend or indemnify Cromwell Group, Hancock, or Mr. Jackson for the claims and/or allegations raised in the Demand Letter because the Employment Practices Exclusions bar coverage.

57.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties is necessary and appropriate under the circumstances, in addition to such further necessary or proper relief the Court deems appropriate.

WHEREFORE, the Plaintiff, AXIS Insurance Company, requests that this Court enter a judgment:

302905696v1 1015033

(A)     Declaring that AXIS Insurance Company is not required to defend or indemnify Cromwell Group, Hancock, or Mr. Jackson in connection with the claims and allegations in the Demand Letter; and

(B)     Awarding AXIS all attorneys' fees, costs, expenses and any other relief as this Court deems just and proper.

## COUNT IV – DECLARATORY JUDGMENT

### (No Occurrence During The Policy Period)

58.     AXIS repeats and incorporates by reference herein the allegations of Paragraphs 1 Through 57 of this Complaint.

59.     Section I of the Policies only provides coverage to the extent that an **Occurrence** during the Policy Period gives rise to a **Claim**.

60.     Section II.P. of the Policies defines **Occurrence** follows:

"**Occurrence**" means the actual or alleged:
1. publication, broadcast or other dissemination of **Matter**;

2. acts committed in the process of researching, investigating, gathering, acquiring, obtaining, preparing, compiling or producing **Matter**; or

3. the licensing, syndication, serialization, distribution, sale or lease of **Matter**,

by or with the permission of the **Insured**.

(Exs. A and B, NB-002 (11-10) at p. 4.)

61.     The Policies do not provide coverage to the extent that there was no **Occurrence** during the Policy Period.

11

302905696v1 1015033

62.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties is necessary and appropriate under the circumstances, in addition to such further necessary or proper relief the Court deems appropriate.

WHEREFORE, the Plaintiff, AXIS Insurance Company, requests that this Court enter a judgment:

(A)     Declaring that AXIS Insurance Company is not required to defend or indemnify Cromwell Group, Hancock, or Mr. Jackson in connection with the claims and allegations in the Demand Letter; and

(B)     Awarding AXIS all attorneys' fees, costs, expenses and any other relief as this Court deems just and proper.

## COUNT V – DECLARATORY JUDGMENT

### (Damages)

63.     AXIS repeats and incorporates by reference herein the allegations of Paragraphs 1 through 62 of this Complaint.

64.     Section I.A. of the Policy only provides coverage for those losses by the **Insureds** which constitute **Damages** as defined by the Policies in Section II.G., as modified by Endorsement No. 5. (Exs. A and B, NB-01B (06-11) at pp. 1-2.)

65.     The Policies do not provide coverage to the extent the losses incurred fall outside of the Policies' definition of **Damages**.

66.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties is necessary and appropriate under the circumstances, in addition to such further necessary or proper relief the Court deems appropriate.

12

WHEREFORE, the Plaintiff, AXIS Insurance Company, requests that this Court enter a judgment:

(A)    Declaring that AXIS Insurance Company is not required to defend or indemnify Cromwell Group, Hancock, or Mr. Jackson in connection with the claims and allegations in the Demand Letter; and

(B)    Awarding AXIS all attorneys' fees, costs, expenses and any other relief as this Court deems just and proper.

## COUNT VI – IN THE ALTERNATIVE, DECLARATORY JUDGMENT

### (Insured v. Insured Exclusion)

67.    AXIS repeats and incorporates by reference herein the allegations of Paragraphs 1 through 66 of this Complaint.

68.    In the alternative, The AXIS Policies contain the following exclusion (the "Insured v. Insured Exclusion") that bars coverage for **Claims** made by:

an **Insured** against any other **Insured**, but this exclusion shall not apply to:

a. any **Claim** in which the **Insured** bringing the **Claim** was not acting within the scope of its duties as an **Insured** in connection with the **Occurrence** giving rise to the **Claim**; or

b. any independent contractor that does not qualify as an **Insured** under II.L.6. of the policy.

(Exs. A and B, NB-002 (11-10) at p. 8, Section IV.B.2.)

69.    AXIS denies that any Defendant named herein qualify as an **Insured** under the Policies.  In the alternative, to the extent that any Defendant does qualify as an **Insured** (which they do not), coverage is barred to the extent that the Insured v. Insured Exclusion applies.

302905696v1 1015033

70.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties is necessary and appropriate under the circumstances, in addition to such further necessary or proper relief the Court deems appropriate.

WHEREFORE, the Plaintiff, AXIS Insurance Company, requests that this Court enter a judgment:

(A)     Declaring that AXIS Insurance Company is not required to defend or indemnify Cromwell Group, Hancock, or Mr. Jackson in connection with the claims and allegations in the Demand Letter; and

(B)     Awarding AXIS all attorneys' fees, costs, expenses and any other relief as this Court deems just and proper.

## COUNT VII – IN THE ALTERNATIVE, DECLARATORY JUDGMENT

### (Other Insurance)

71.     AXIS repeats and incorporates by reference herein the allegations of Paragraphs 1 through 70 of this Complaint.

72.     In the alternative, the Policies contain an Other Insurance provision which provides:

> [t]he insurance afforded by this policy will apply on a pro rata basis with other valid and collectible insurance available to the **Insured** with the Company not being liable for a greater proportion of **Each Loss** than its applicable policy limit for the **Claim** bears to the total applicable policy limits of all valid and collectible available to the Insured for the **Claim**.

(Exs. A and B, NBIL-01B (06-11) at p. 3).

73.     AXIS denies that coverage under the Policies applies.  In the alternative, to the extent either of the Policies apply (which they do not) and to the extent there is other valid and

14

collectible insurance for the claims and allegations in the Demand Letter, coverage is limited based on the Other Insurance provision.

74.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties is necessary and appropriate under the circumstances, in addition to such further necessary or proper relief the Court deems appropriate.

WHEREFORE, the Plaintiff, AXIS Insurance Company, requests that this Court enter a judgment:

(A)     Declaring that AXIS Insurance Company is not required to defend or indemnify Cromwell Group, Hancock, or Mr. Jackson in connection with the claims and allegations in the Demand Letter; and

(B)     Awarding AXIS all attorneys' fees, costs, expenses and any other relief as this Court deems just and proper.

## RESERVATION OF RIGHTS

The AXIS Policies contain additional terms, conditions, and exclusions that may be relevant to the Demand Letter.  Nothing in this complaint should be construed as a waiver by AXIS of any coverage defenses under the AXIS Policies.  AXIS continues to reserve the right to raise all other terms, conditions, and exclusions as defenses to coverage for any claim made under the AXIS Policies where appropriate.

Dated this 3rd day of December, 2018.

302905696v1 1015033

BINGHAM GREENEBAUM DOLL LLP

By: /s/ Jared A. Cox
     Jared A. Cox
     jcox@bgdlegal.com
     Aaron W. Marcus
     amarcus@bgdlegal.com
     BINGHAM GREENEBAUM DOLL LLP
     3500 PNC Tower
     101 South Fifth Street
     Louisville, KY 40202
     Telephone:   (502) 589-4200
     Fax:   (502) 540-2190

     HINSHAW & CULBERTSON, LLP

     *Michael M. Marick
     mmarick@hinshawlaw.com
     *Timothy H. Wright
     twright@hinshawlaw.com
     HINSHAW & CULBERTSON LLP
     151 North Franklin St., Suite 2500
     Chicago, Illinois 60606
     Telephone: (312) 704-3000
     Fax:

     COUNSEL FOR PLAINTIFF AXIS
     INSURANCE COMPANY

     *Pro Hac Vice Applications to Be Filed

302905696v1 1015033